IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and MALLINCKRODT LLC, </br></br> Plaintiffs, </br></br> v. </br></br> SUN PHARMACEUTICAL INDUSTRIES, LTD., RANBAXY INC. and RANBAXY PHARMACEUTICALS INC., </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 14-1386 (RGA) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**STIPULATION AND PROPOSED ORDER**
**REQUESTING STAY OF PROCEEDINGS IN 14-1386 (RGA)**

WHEREAS, Plaintiffs Endo Pharmaceuticals Inc. ("Endo") and Mallinckrodt LLC ("Mallinckrodt") (collectively, "Plaintiffs") assert claims against Defendants Sun Pharmaceutical Industries, Ltd., Ranbaxy Inc., and Ranbaxy Pharmaceuticals Inc. (collectively, "Sun" or "Defendants") for infringement of U.S. Patent No. 8,871,779 ("the '779 patent") in connection with Sun's submission of Abbreviated New Drug Application ("ANDA") Nos. 20-3506 and 20-4527 to the U.S. Food and Drug Administration;

WHEREAS, Plaintiff Endo also asserts claims against Sun for infringement of U.S. Patent No. 8,808,737 ("the '737 patent") in connection with Sun's submission of ANDA Nos. 20-3506 and 20-4527;

WHEREAS, Sun contends that the claims of the '779 and '737 patents are invalid and has requested that the Court enter a judgment declaring that the asserted claims are invalid;

WHEREAS, on February 5, 2016, pursuant to the parties' stipulation, this Court entered an Order dismissing Endo's claims for infringement of the '737 patent and entering a partial judgment declaring that the claims of the '737 patent are invalid;

WHEREAS, the parties continue to contest validity and infringement with regard to the '779 patent;

WHEREAS, in related Hatch-Waxman Act patent infringement litigations concerning the same accused products at issue in the present action, the United States District Court for the Southern District of New York entered Judgments in favor of Endo ("the SDNY Judgments") on all but two asserted claims of U.S. Patent Nos. 8,309,122 and 8,329,216 on August 24, 2015;

WHEREAS, Sun and Endo have filed Notices of Appeal of the SDNY Judgments to the United States Court of Appeals for the Federal Circuit;

WHEREAS, the Federal Circuit's ruling on appeal of the SDNY Judgments may impact the likelihood of the parties reaching an amicable settlement in the present litigation; and

WHEREAS, the Parties agree that staying this Action, including temporarily halting discovery, other pre-trial proceedings and trial, subject to the following terms and conditions, will serve to preserve the resources of the Court and the Parties.

NOW THEREFORE, the parties hereby stipulate and agree as follows, subject to approval by the Court:

1. This Action (Civil Action No. 14-1386-RGA) shall be stayed until the earliest of (i) issuance of an opinion or order by the Federal Circuit vacating or reversing the SDNY Judgments, (ii) entry by the trial court of a final judgment of invalidity of all claims of the '779 patent that are asserted in any of 14-1381-RGA (v. Actavis), 14-1382-RGA (v. Amneal), 14-1389-RGA (v. Teva), 14-1383-RGA (v. Impax), 14-1384-RGA (v. Impax/ThoRx), or 14-1387-RGA (v. Roxane) (collectively "the non-stayed cases," assuming one or more of 14-1383-RGA, 14-1384-RGA, or 14-1387-RGA are also not stayed), or (iii) settlement of all of the non-stayed

cases before entry by the trial court of final judgment as to all claims of the '779 patent that are asserted in any of the non-stayed cases;

2. Sun agrees to be bound in this Action by the trial court's ruling on the validity of the '779 patent in the non-stayed cases;

3. Sun stipulates that its accused products infringe under 35 U.S.C. § 271(a) and § 271(e)(2) all asserted claims of the '779 patent that are not held to be invalid; and

4. Sun agrees to provide Endo 30 days' advance notice of its intent to launch the accused products after either (1) the issuance of an opinion or order vacating or reversing the Judgments entered in the Southern District of New York cases before entry by the trial court of final judgment of invalidity of all claims of the '779 patent that are asserted in any of the non-stayed cases, or (2) settlement of all of the non-stayed cases before entry by the trial court of final judgment of invalidity of all claims of the '779 patent that are asserted in any of the non-stayed cases.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| /s/ Stephen J. Kraftschik | /s/ Jason J. Rawnsley |
| Jack B. Blumenfeld (#1014) | Frederick L. Cottrell, III (#2555) |
| Stephen J. Kraftschik (#5623) | Jason J. Rawnsley (#5379) |
| 1201 N. Market Street | One Rodney Square |
| P.O. Box 1347 | 920 N. King Street |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 651-7700 |
| jblumenfeld@mnat.com | cottrell@rlf.com |
| skraftschik@mnat.com | rawnsley@rlf.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Sun Pharmaceutical Industries, Ltd., Ranbaxy Inc. and Ranbaxy Pharmaceuticals Inc.* |
| February 17, 2016 | |
| 9857044 | |

SO ORDERED this 17 day of February, 2016.

_____
United States District Judge

3